**E-FILED on** __7/2/2012__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON MCFARLAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SANTA CRUZ, SHERIFF PHIL WOWAK, OFFICER WILLIAM GAZZA, OFFICER CHRISTOPHER HANKES, OFFICER JOHN HABERMEHL, BRUCE MCFARLAND, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | No. C-12-01727 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS<br><br>**[Re Docket No. 9]** |

　　　　Defendant Bruce McFarland moves to dismiss the claims against him. The court finds that count seven, for intentional infliction of emotional distress, is barred by the absolute privilege set forth in Cal. Civ. Code § 47(b), as the only wrongful conduct alleged on the part of defendant is communicating with the police. *See Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 370 (2004) (holding section 47(b) bars tort claims based on communications "intended to instigate official governmental investigation into wrongdoing, including police investigation"). The court finds that count eight, for violation of Cal. Welf. & Inst. Code §§ 5150 and 5150.05(c), is not barred by the litigation privilege, however, because sections 5150 and 5150.05(c) are more specific statutes providing for civil liability in the exact situation alleged in the complaint. *See Komarova v. Nat'l*

*Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 339 (2009) ("Exceptions to the litigation privilege have been recognized under statutes that (1) are 'more specific' than the privilege, and (2) would be 'significantly or wholly inoperable' if the privilege applied." (citing *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1246 (2007))).  Finally, the court finds that count nine, for malicious prosecution, is not viable as a matter of law because the psychiatric hold instituted under Cal. Welf. & Inst. Code § 5150 did not lead to any proceeding analogous to a judicial hearing that could terminate in plaintiff's favor.  *Cf. Jaffe v. Stone*, 18 Cal.2d 146, 152 (1941) (explaining final termination requirement means "the particular criminal proceeding commencing, for example, by complaint and arrest, must have passed through some such stage as preliminary hearing and dismissal, or trial and acquittal or abandonment by the prosecuting authorities").

Accordingly, the court dismisses with prejudice count seven against Bruce McFarland and count nine in its entirety.  The motion to dismiss is denied as to count eight.

DATED:      July 2, 2012

_____
RONALD M. WHYTE
United States District Judge